### BRADY *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—CHARTERS—RULES AND REGULATIONS.

   A municipal civil service commission is bound by the provisions of the municipal charter creating the commission and defining its powers and duties, hence, rules of the commission that are repugnant to charter provisions, adopted by the people of the municipality, are controlled by the latter (Detroit Charter, title 4, ch 15, § 12; Civil Service Commission Rule 14).

2. SAME—COUNCIL—ORDINANCES—CHARTERS.

   A municipal council is bound by the provisions of the municipal charter creating it and defining its powers and duties, hence, ordinance adopted by the council which is repugnant to charter provisions, adopted by the people of the municipality, is controlled by the latter (Detroit Charter, title 4, ch 15, § 12; Ordinance 38-E).

3. SAME—CONSTRUCTION OF CHARTER.

   General rules recognized in cases involving the interpretation of statutes are applicable in construing provisions of a charter which is the fundamental law of a city.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 37 Am Jur, Municipal Corporations §§ 51, 155 *et seq.*
[3-6] 37 Am Jur, Municipal Corporations § 187 *et seq.*

4. SAME—CONSTRUCTION OF CHARTER—INTENT.

The primary inquiry in the construction of a city charter is to ascertain the intention of the people in the adoption of it.

5. SAME—CONSTRUCTION OF CHARTER.

Provisions of a city charter pertaining to a given subject matter must be construed together, and if possible harmonized, since it may not be assumed that the adoption of conflicting provisions was intended and one provision may not be construed in such manner as to render another of no effect if such result can be avoided.

6. SAME—CONSTRUCTION OF CHARTER—GENERAL PROVISIONS—SPECIFIC PROVISIONS.

General provisions of a city charter must yield to a specific mandate contained therein.

7. SAME—CONSTRUCTION OF CHARTER—PROMOTION OF FIRE DEPARTMENT PERSONNEL—CIVIL SERVICE.

Unambiguous provision of charter specifically setting forth that promotions in the fire department shall be based on length of service of those qualified for the next higher position is controlling over the subject of promotion of members of the fire department rather than provisions of the civil service chapter in the charter which are of a general character and base promotion on date of certification of eligibility (Detroit Charter, title 4, ch 2; ch 15, § 12).

8. COSTS—PUBLIC QUESTION—PROMOTION OF MEMBERS OF CITY FIRE DEPARTMENT.

No costs are allowed in suit to determine seniority and promotional rights of war veterans who are members of city fire department, a public question being involved (Detroit Charter, title 4, ch 2; ch 15, § 12).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 8, 1958. (Docket No. 1, Calendar No. 46,466.) Decided July 15, 1958.

Bill by Robert J. Brady, Andrew Piontek and others against the City of Detroit, a municipal corporation, its Department of Civil Service, its Board of Fire Commissioners, and individual members of its boards, for declaratory decree establishing seniority and promotional rights as war veterans. De-

troit Firefighters Association, a Michigan corporation, intervened as party defendant. Decree denying plaintiffs preference. Plaintiffs appeal. Affirmed.

*Daniel G. Shea* and *Harry E. Warning,* for plaintiffs.

*Nathaniel H. Goldstick,* Corporation Counsel, and *Robert Reese,* Assistant Corporation Counsel, for defendants.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*Theodore Sachs,* of counsel), for intervening defendant.

CARR, J. The plaintiffs herein are members of the fire department of the city of Detroit. On behalf of themselves and others similarly situated they filed suit in the circuit court of Wayne county seeking a declaratory decree, under the statute,* determining their seniority and promotional rights. The bill of complaint avers that in accordance with charter provisions of the city of Detroit the plaintiffs made applications for positions in said department and otherwise complied with the provisions of the charter. Thereafter they were duly certified and placed on the eligible list by the civil service commission of the city. In the meantime this country became engaged in World War II and at the time of certification plaintiffs, with the exception of Piontek, had been inducted into the armed forces. Piontek was likewise so inducted prior to receiving notice to appear for the required physical examination.

Following discharge from the military service plaintiffs were duly appointed as members of the fire department and began active service therein. It is their claim that under charter provisions relat-

---

* PA 1929, No 36 (CL 1948, § 691.501 *et seq.* [Stat Ann § 27.501 *et seq.*]).

ing to the civil service commission, rule 14 of said commission, and ordinance 38-E of the city of Detroit, they have seniority and promotional rights based on the dates of certification. It was further alleged by plaintiffs in their bill of complaint that the defendant board of fire commissioners had refused to recognize such rights, and, in making promotions, were giving priority to other members of the department who were certified subsequent to plaintiffs but who entered actual service as members of the department before plaintiffs did so. It thus appears that the actual contest is between plaintiffs and other members in the department. The Detroit Firefighters Association intervened as a party defendant, denying the right of plaintiffs to preferential treatment and upholding the position of the board of fire commissioners.

The defendants in their answers to the bill of complaint denied that plaintiffs were entitled to the seniority and promotional rights asserted by them, averring that title 4, chapter 15, § 12,* of the charter is controlling and that in accordance therewith promotions in the fire department must be made on the basis of length of actual service, without reference to date of certification to the eligibility list. The trial court sustained defendants' claim and entered a decree accordingly, reciting that the said charter provision prevails over the ordinance of the city and the rule of the civil service commission, above cited. Plaintiffs have appealed.

Plaintiffs direct attention to title 4, chapter 2, of the charter, by which a system of civil service for municipal employees is established. Said chapter is

---

* For provisions cited in this opinion, see Municipal Code, City of Detroit (1954), as follows:
    Charter, title 4, ch 15, § 12 .. charter section, p 89.
    Charter, title 4, ch 2, ...... charter section, p 35 *et seq.*
    Charter, title 4, ch 2, § 15 .. charter section, p 39.
    Ordinance 38-E .. ordinance section, ch 23, p 37 *et seq.*—REPORTER.

comprehensive in its provisions and in terms applies generally to municipal offices, departments and commissions of the city. Specific emphasis is placed on section 15 of said chapter, which reads, in part, as follows:

"The head of any department or office in which a position classified under this chapter is to be filled shall notify the commission of that fact and the commission shall certify to the appointing officer the name and address of the candidate standing highest upon the eligible list for the class or grade to which such position belongs. In regard to positions involving common or unskilled labor, the commission shall adopt and publish rules and regulations outlining practices and procedure with respect to such employment not inconsistent with the provisions of this charter relative to civil service. The appointing officer shall notify said commission of each position to be filled separately, and shall fill such position by the appointment of the person certified to him by the commission therefor, which appointment shall be on probation for a period to be fixed by the rules. At or before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, with the consent of said commission, based upon the written reasons submitted to it, discharge him, or the commission may transfer him to another department with the consent of such department. If not discharged prior to the expiration of the period of probation, his appointment shall be deemed complete."

Pursuant to authority granted by the charter the civil service commission adopted rule 14, above mentioned, which provided that persons certified to the classified service of the city after having been inducted into the armed forces of the country should be entitled to seniority rights from the date of certification, on compliance with the conditions prescribed for actual entrance into municipal employ-

ment.  Ordinance 38-E of the city of Detroit, effective September 20, 1945, likewise provided seniority for veterans, commencing with date of certification into the classified service contemplated by the pertinent provisions of the charter.  On behalf of appellees it is insisted that such provisions of rule 14 and ordinance 38-E are repugnant to title 4, chapter 15, § 12, of the charter, and that the trial court was correct in so holding.

In the adoption of rules pursuant to charter authority the civil service commission is bound by the provisions creating it and defining its powers and duties.  In the adoption of ordinances the council is likewise limited.  *Mayor of City of Dearborn* v. *Dearborn Retirement Board,* 315 Mich 18, 24.  In the event of a conflict the requirements of the charter as adopted by the people of the municipality are controlling.  In consequence, the issue in the case resolves itself into the interpretation of charter provisions.

In construing provisions of the fundamental law of the city the general rules recognized in cases involving the interpretation of statutes are applicable. The inquiry must be directed to ascertaining the intention of the people of Detroit in the adoption of their charter.  Provisions pertaining to a given subject matter must be construed together, and if possible harmonized.  It may not be assumed that the adoption of conflicting provisions was intended.  One provision may not be construed in such manner as to render another of no effect if such result can be avoided.  It is also true that under ordinary circumstances general provisions must yield to a specific mandate.  *City of Grand Rapids* v. *Crocker,* 219 Mich 178; *People* v. *Wolfe,* 338 Mich 525, 536; *People* v. *Babcock,* 343 Mich 671.

The situation presented in the interpretation of statutes where the claim is advanced that general and

specific provisions are contradictory is well summarized in 50 Am Jur, Statutes, § 367, pp 371, 372, as follows:

"It is an old and familiar principle, closely related to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision. Additional words of qualification needed to harmonize a general and a prior special provision in the same statute should be added to the general provision, rather than to the special one. Under these rules, where there is, in the same statute, a general prohibition of a thing and a special permissive recognition of the existence of the same thing under regulation, the particular specified intent on the part of the legislature overrules the general intent incompatible with the specific one. The general rule is, of course, applicable only as an aid in ascertaining and giving effect to the legislative intent; positive and explicit provisions, comprehending in terms a whole class of cases, are not to be restrained by applying to those cases an implication drawn from subsequent words, unless that implication be very clear, necessary, and irresistible. The rule cannot be applied where the effect will be to override and render almost useless express words in the statute."

The foregoing statement of the generally recognized rule may properly be applied in the instant case. Title 4, chapter 15, § 12, of the charter of Detroit, on which appellees rely, is clear and specific in its direction to the board of fire commissioners. It is

limited in its application to promotions in the fire department. Said section reads as follows:

"Sec. 12. Promotions in the fire department shall be based on length of service therein. The officers or employee thereof having served the longest period in any position shall be advanced to fill any vacancy in the next higher position, if he shall have the qualifications therefor."

The language of section 12 is not ambiguous in any respect. The reference to length of service in the department can be taken in no way other than as meaning actual service as an employee of the city. One who is merely on the eligible list may not be considered as in actual service. The observance of certain conditions is prescribed prior to actual appointment of an employee. In other words, the charter requirement is that promotions are to be based on length of service rather than on the date of certification to the eligible list.

As before noted, title 4, chapter 2, providing for the establishment of a civil service system, is general in its terms. We have, in consequence, the not uncommon situation of general provisions of a law, in this case a municipal charter, to which the enacting power has made a specific exception. Recognition of such exception does not involve nullifying any part of the chapter relating to civil service. On the other hand, sustaining the claim of the plaintiffs in this case would result in nullifying section 12, above quoted. Reading said section as an exception to title 4, chapter 2, gives effect to both and is wholly consistent with the indicated purpose and intention of the people of Detroit in the adoption of their charter. We are in accord with the conclusion reached by the trial judge. Title 4, chapter 15, § 12, of the charter of the city is controlling.

The decree is affirmed. In view of the nature of the question at issue, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.