DETROIT FIRE FIGHTERS ASSOCIATION LOCAL NO. 344
v. BOARD OF FIRE COMMISSIONERS OF
CITY OF DETROIT.

1. Municipal Corporations—Equity—Officers—Misconduct—Malicious Intent.

Interposition of a court of equity in municipal affairs may be warranted where there is a malicious intent, capricious action, or corrupt conduct on the part of municipal officers, or something which shows that the action complained of did not arise from an exercise of judgment and discretion vested by law in them.

2. Injunction—Laches—Municipal Fire Department—Seniority—Promotions—Civil Defense.

Plaintiffs, seeking injunction against action of defendant fire commissioners and city civil service commission in promoting to position of battalion chief, fire fighting division, an individual, otherwise qualified, who had been assigned to civil defense activity, were guilty of laches, where they delayed some 8 years before seeking injunctive relief, notwithstanding the course of action over the years clearly demonstrated the policy of adhering to the requirement of the city charter that promotions within the department shall be made from qualified individuals longest in service in the next lower position and declared policy of not having seniority affected by civil defense assignments, the latter policy being in accord with both State statute and city ordinance provisions (CLS 1956, § 30.223; Detroit Charter, title 4, chap 15, § 12; Detroit Ordinance No 927-E, § 11).

---

References for Points in Headnotes

[1] 19 Am Jur, Equity § 143.
[2] 28 Am Jur, Injunctions § 59.
[3] 10 Am Jur, Civil Service § 10.
[4] 14 Am Jur, Costs § 37.

3. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—PROMOTIONS—SEN-
IORITY—CIVIL DEFENSE.
    Promotion of qualified individual who was longest in service as
    captain in fire fighting division, to permanent battalion chief,
    notwithstanding assignment to service in office of civil defense
    *held*, valid, in view of pertinent statutes and city charter and
    ordinance provisions (CLS 1956, § 30.223; Detroit Charter,
    title 4, chap 15, § 12; Detroit Ordinance No 927-E, § 11).

4. COSTS—PUBLIC QUESTION—PROMOTION OF FIRE DEPARTMENT PER-
SONNEL.
    No costs are allowed in suit to enjoin promotion of fire depart-
    ment personnel engaged in civil defense work, a public ques-
    tion being involved.

Appeal from Wayne; Gilmore (Horace W.), J.
Submitted October 3, 1961. (Docket No. 62, Calen-
dar No. 48,896.) Decided March 16, 1962.

Bill by Detroit Fire Fighters Association Local
No. 344, I.A.F.F., a Michigan nonprofit corporation,
and Robert Tighe against the Board of Fire Com-
missioners of the City of Detroit, its individual mem-
bers, the Civil Service Commission of the City of
Detroit, its individual members, and Harold C. Rei-
nelt for declaratory decree adjudging invalid the
appointment and confirmation of defendant Reinelt
as battalion fire chief and enjoining promotion to
such position and rank. Decree for plaintiffs. De-
fendants appeal. Reversed and bill dismissed.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*Theo-
dore Sachs*, of counsel), for plaintiffs.

*Nathaniel . H. Goldstick*, Corporation Counsel,
*Anthony P. Marchese, Jr.*, and *Robert D. McClear*,
Assistant Corporation Counsel, for defendants
Board of Fire Commissioners and Civil Service
Commission.

*Emil W. Colombo*, for defendant Reinelt.

KELLY, J.   The Detroit Fire Fighters Association and its president, Robert Tighe, filed their bill of complaint (January 20, 1960) seeking declaratory and injunctive relief to restrain promotion of Harold C. Reinelt to the position of battalion chief, fire fighting division, of the Detroit fire department.   A Wayne circuit court trial, primarily upon stipulated facts and exhibits, resulted in a decree holding the promotion of Reinelt improper and decreeing its permanent restraint.

Appellants contend the court erred: (1) In finding the board of fire commissioners violated the charter of the city of Detroit in promoting defendant Reinelt to the permanent position of battalion fire chief; (2) In determining that the bill of complaint seeking a declaration of rights and an injunction was a proper remedy to review the action of the board in making a promotion; and (3) In failing to find plaintiffs guilty of laches.

Title 4, chapter 15, of the charter of the city of Detroit reads in part as follows:

"Sec. 1.   There shall be a board of fire commissioners, consisting of 4 members, which shall have charge of the fire department.   *   *   *.

"Sec. 7.   The powers and duties of the board, which shall be exercised and performed as herein provided, and in accordance with the general ordinances of the city, shall be as follows:

"(a) It shall possess and exercise fully all the powers and perform all the duties pertaining to the government, management, maintenance and direction of the department and of the premises and property thereof;   *   *   *

"Sec. 12.   Promotions in the fire department shall be based on length of service therein.   The officers or employee thereof having served the longest period in any position shall be advanced to fill any

vacancy in the next higher position, if he shall have the qualifications therefor."*

The minutes of the fire commission's meeting held November 15, 1951, contain the following excerpt:

"Seniority not affected by civil defense assignments

"Communication from Captain Arthur M. Rutledge, assistant fire coordinator, civil defense, approved and forwarded by Ninnian C. Higby, chief of department, requesting an opinion from the commission relative to seniority status of members of the firefighting division assigned to and/or temporarily promoted to the office of civil defense, and whether or not such members while holding the assignment or promotion would be entitled to maintain his rightful seniority in the firefighting division and be eligible for any higher position caused by vacancies.

"It was directed that members of the firefighting division assigned to or temporarily promoted to higher positions under the civil defense program of the department would lose no seniority because of such temporary promotion and that such members of the firefighting division will be considered for permanent promotions in their rightful order of seniority."

December 18, 1951, members of the department were notified that if they were interested in joining the civil defense division they should submit applications to the chief of the department.

Reinelt, who had joined the fire department in 1928, promoted to fire sergeant in 1947 and fire lieutenant in December, 1951, submitted his application for civil defense assignment and on January 17, 1952, the board notified the civil service commission that Reinelt had been promoted to battalion fire

---

* Municipal Code, City of Detroit (1954), charter section, pp 84, 87, 89.—REPORTER.

chief of the civil defense division, such promotion to become effective upon approval of the civil service commission. Approval was given effective January 21, 1952, but not to exceed January 1, 1954.

From this first appointment of Reinelt's in January, 1952, to January 5, 1960, the several periodic requests of the board for civil service approval of extension of time for Reinelt to act as battalion fire chief of the civil defense division were each asked for and granted on a temporary basis.

The following is from the minutes of the meeting of the board of fire commissioners, held on June 14, 1954·

"Promotions, Fire Captain

"The commission then proceeded to fill vacancies in the position of fire captain caused by the retirement of Curtis F. Cline and temporary promotion of H. C. Reinelt to assistant civil defense coordinator. The names of the following eligible fire lieutenants who are at the top of the list were considered in accordance with section 12, chapter 15, title 4 of the charter of the city of Detroit, the rules and regulations of the civil service commission and the decision rendered by Judge Homer A. Ferguson of the circuit court, in the order of seniority:

"Harold C. Reinelt      Harvey Rader

"The names of the above eligibles were given careful consideration in order of seniority and their qualifications discussed. Chief of Department Blohm stated that Lieutenants Reinelt and Rader had satisfactorily passed the physical examination and are recommended by him for promotion at this time; and, further, Lieutenant Reinelt who has been assigned to the civil defense division as assistant civil defense coordinator since January of 1952 will continue in that capacity.

"The following resolution was then unanimously adopted:

"On motion: Resolved, that Lieutenants Harold C. Reinelt and Harvey Rader be hereby promoted to the position of fire captain, effective on approval of the civil service commission."

March 10, 1958, plaintiff Detroit Fire Fighters Association sent a letter to the board of fire commissioners, reciting therein its resolution (adopted at an earlier March meeting), the first 4 paragraphs of such resolution reading as follows:

"Whereas, the chain of authority in the fire fighting division of the Detroit fire department has always been a matter of strict seniority, and

"Whereas, This chain of authority is being circumvented by the activities of the chief of civil defense who is a captain in his rightful seniority position, and

"Whereas, The office of civil defense was created solely to coordinate the efforts of the civil defense department and the fire department, and

"Whereas, The chief of department is using the chief of civil defense to formulate and promulgate department policies wholly unrelated to civil defense."

Reinelt was promoted to the position of battalion fire chief at a meeting of the board of fire commissioners held January 5, 1960, and excerpts from the minutes of that meeting are as follows:

"Promotion—Battalion Fire Chief

"The commission then proceeded to fill the vacancy in the position of battalion fire chief, created by the retirement of Chief Donald Smead. The name of the following eligible fire captain, who is at the top of the list of fire captains, was considered in accordance with section 12, chapter 15, title 4 of the charter of the city of Detroit, the rules and regulations of the civil service commission and the decision rendered by Judge Homer A. Ferguson of the circuit court, in the order of seniority:

"Harold C. Reinelt

"The name of the above eligible was given care-
ful consideration and his qualifications discussed.
Chief of department Daly stated that Captain Rei-
nelt had the required qualifications and being next in
line for promotion, recommended him for promotion
to battalion fire chief.

"At 1:05 P.M. Robert Tighe, president, John
Dougherty, vice-president, Joseph Schwaigel, secre-
tary, and Anthony Tata, treasurer, the executive
board of the Detroit Fire Fighters Association, ap-
peared before the commission and stated that they
were opposed to the granting of seniority credit to
Battalion Chief Harold C. Reinelt for the time from
January 21, 1952, to the present time, this being the
period when Battalion Chief Reinelt was assigned
to the civil defense division of the fire department.

"The officers of the Detroit Fire Fighters Asso-
ciation stated that they based their opposition upon
the fact that the minutes of the meeting of the fire
commission on January 14, 1952, which record Chief
Reinelt's promotion as permanent and not tem-
porary.

"Commissioners Paxton Mendelssohn and David
Pollack, who were members of the commission at
that time stated that it was clearly understood and
determined at that time that Chief Reinelt's promo-
tion to the civil defense division was to be temporary,
and that this is borne out by all the promotional
personnel letters submitted to the civil service com-
mission in this matter, and further that every copy
of the seniority list, published in the department
since that time, clearly labeled his promotion as
temporary.

"At 1:30 p.m. the members of the Detroit Fire
Fighters Association left the meeting.

"The following resolution was then unanimously
adopted:

"Motion by Commissioner Pollack, supported by
Commissioner Harris, Resolved, That Fire Captain
Harold C. Reinelt be, and he is hereby promoted to
the position of battalion fire chief, subject to the

approval of the civil service commission and satisfactorily passing a physical examination."

Subsequent to the appointment of Reinelt as battalion chief of the civil defense and the passage of the board's November, 1951, resolution hereinabove quoted, the Detroit common council and the State legislature provided protection for municipal employees assigned to civil defense work.

Ordinance 927-E of the city of Detroit provides in part:

"Sec. 11. *Rights of City Employees.*

"City employees assigned to duty as a part of the civil defense forces pursuant to the provisions of this ordinance shall retain all of the rights, privileges and immunities of city employees, and shall receive the compensation incident to their employment."[*]

PA 1953, No 154, as amended by PA 1954, No 98 (Michigan civil defense act), provides in part as follows:

"Sec. 3. * * * No person shall be ineligible for appointment as a member of the State or local civil defense organization, because he holds any other public office or trust, nor shall any person forfeit his right to any public office or trust by reason of his appointment under this act, notwithstanding any contrary provisions of law." CLS 1956, § 30.223 (Stat Ann 1961 Rev § 4.823 [63]).

Nothing in the record even intimates that the board's action was motivated by any improper intent or desire to show favoritism to defendant Reinelt.

In *Wolgamood* v. *Village of Constantine,* 302 Mich 384, this Court stated (p 395):

---

[*] Municipal Code, City of Detroit (1954), ordinance section, p 1288. —REPORTER.

"In *Veldman* v. *City of Grand Rapids,* 275 Mich 100, 113, we said:

" 'In order to warrant the interposition of a court of equity in municipal affairs, there must be a malicious intent, capricious action or corrupt conduct, something which shows the action of the body whose acts are complained of did not arise from an exercise of judgment and discretion vested by law in them.' "

The record fails to disclose any objection by plaintiffs, or anyone else, to the November, 1951, action of the board of fire commissioners insuring seniority rights to members of the fire fighting division temporarily promoted to higher positions under the civil defense program, and that over 8 years have elapsed between said action and the 1960 promotion of Reinelt to battalion chief, fire fighting division.

The record discloses that 2 other members of the department (Durham and Penczek) received temporary promotions while serving with the civil defense division and that their positions on the seniority list of the fire department were retained and not disturbed because of their civil defense activities.

The board of fire commissioners periodically published seniority lists and these lists establish that from January, 1952, to January, 1960, Reinelt was carried on the seniority lists, first in the grade of lieutenant and after June 14, 1954, in the grade of captain. It was stipulated "that these seniority lists are available to all members of the department."

The fact that plaintiffs had knowledge in March, 1958, that Reinelt was serving as a temporary battalion chief and was a permanent captain on the seniority list is established by the resolution referred to above.

We agree with appellants that:

"If the plaintiffs had a right to complain about the promotion of defendant Reinelt, that complaint

should have been made in 1952 when he received a temporary promotion to battalion fire chief and certainly no later than 1954 when he was promoted to permanent captain while serving as a temporary battalion chief. In our view, Reinelt's promotion to permanent captain in 1954 clearly set out the course of action the board of fire commissioners intended to follow. The action of the board has been consistent as reflected in the changes in status of Durham and Penczek. The plaintiffs, by failing to take action, at least since 1954, are guilty of laches and for this reason the bill of complaint should have been dismissed."

In the trial court's opinion deciding that the board of fire commissioners violated the charter, the court referred to and relied upon our decision in *Brady* v. *City of Detroit,* 353 Mich 243. In the *Brady Case* we stated (pp 245, 246, 248–250):

"The bill of complaint avers that in accordance with charter provisions of the city of Detroit the plaintiffs made applications for positions in said department and otherwise complied with the provisions of the charter. Thereafter they were duly certified and placed on the eligible list by the civil service commission of the city. In the meantime this country became engaged in World War II and at the time of certification plaintiffs, with the exception of Piontek, had been inducted into the armed forces. Piontek was likewise so inducted prior to receiving notice to appear for the required physical examination.

"Following discharge from the military service plaintiffs were duly appointed as members of the fire department and began active service therein. It is their claim that under charter provisions relating to the civil service commission, Rule 14 of said commission, and Ordinance 38-E of the city of Detroit, they have seniority and promotional rights based on the dates of certification. * * *

"In construing provisions of the fundamental law of the city the general rules recognized in cases involving the interpretation of statutes are applicable. The inquiry must be directed to ascertaining the intention of the people of Detroit in the adoption of their charter.   *   *   *

"Title 4, chapter 15, § 12, of the charter of Detroit, on which appellees rely, is clear and specific in its direction to the board of fire commissioners. It is limited in its application to promotions in the fire department. Said section reads as follows:

" 'Sec. 12. Promotions in the fire department shall be based on length of service therein. The officers or employee thereof having served the longest period in any position shall be advanced to fill any vacancy in the next higher position, if he shall have the qualifications therefor.'

"The language of section 12 is not ambiguous in any respect. The reference to length of service in the department can be taken in no way other than as meaning actual service as an employee of the city. One who is merely on the eligible list may not be considered as in actual service."

We do not believe the *Brady* decision supports the trial court's opinion that the board of fire commissioners violated the charter provisions.

Reinelt had served longer in the fire department than any other captain at the time he was given a permanent position as battalion chief, fire fighting division. Appellants point out:

"If the position of plaintiffs is correct, the defendant Reinelt would upon removal from his position in the civil defense division become the most junior captain in the fire department. Thus, he would be irreparably harmed and would be deprived of his right to promotion for many years. It is unfair and unjust for the plaintiffs to sit by for a long period of time and lull the defendant Reinelt into a sense of security and then challenge his right to a permanent promotion."

We conclude that the board of fire commissioners did not violate the charter provisions. The decision and decree of the lower court is reversed and the bill of complaint is dismissed. This Court declares that the action of the board of fire commissioners in promoting defendant Reinelt to the position of battalion chief of the fire fighting division on January 5, 1960, was valid and proper.

Reversed. No costs, a public question being involved.

Dethmers, C. J., and Carr, Black, and Kavanagh, JJ., concurred with Kelly, J.

Souris, J. (*concurring*). The charter of the city of Detroit provides:

"Promotions in the fire department shall be based on *length of service therein.* The officers or employee thereof having served the longest period in any *position* shall be advanced to fill any vacancy in the next higher position, if he shall have the qualifications therefor." (Emphasis added.)*

As I read that language it means that promotions are to be based upon length of service in the fire department, but subject to the limitations specified in the balance of the section quoted. These limitations are that promotions to vacancies shall be from among those who (1) have served longest in the next lower position, and (2) have the qualifications for the vacant position. It is clear to me that the word "position" means "rank" in the department. Such was the department's own interpretation, as disclosed by the seniority lists made exhibits in this case, and plaintiffs have not claimed otherwise.

What this dispute boils down to is whether a fireman earns seniority toward promotion only during

---

* Title 4, ch 15, § 12, Municipal Code, City of Detroit (1954), charter section, p 89.—Reporter.

those times he "actually works" in the next lower rank. That is what plaintiffs would have us hold and they cite *Brady* v. *City of Detroit,* 353 Mich 243, in support of their contention. When, in our opinion in *Brady,* we said (at page 250) that only "actual service" counted toward seniority, we were dealing with seniority claimants who had been certified for employment but, because of their departure for military duty, had performed no "actual service" in the fire department at any rank. We held that certification alone did not entitle them to seniority credit from that date forward in the absence of "actual service." *Brady* offers no support for plaintiffs.

Plaintiffs contend, and the record supports them, that the fire department computes seniority within each of its various divisions and normally promotes only from among those within the division where the vacancy exists. It is their contention that unless we hold that the charter limits the accumulation of seniority credits only during periods of actual service in each succeeding rank in a particular division, a fireman assigned to another division on "temporary" duty could establish dual seniority, seniority within each division. There is nothing in this record to indicate that seniority can be established in a division to which a member of the department has been assigned for temporary duty. As a matter of fact, there is no evidence that Reinelt was given seniority in the civil defense division while at the same time accumulating seniority in the fire fighting division of the department. That he is entitled to seniority credits in the fire fighting division while serving on temporary duty in another division is a reasonable inference from the following rule or regulation of the department, to which plaintiffs themselves have called our attention:

"Seniority credit in any position in the fire fighting division shall cease for any member upon acceptance of a transfer and permanent promotion in any other division of the department."

Under these circumstances, I fail to see any validity in plaintiffs' dual seniority argument.

Subject to the foregoing, I agree with Mr. Justice Kelly.

Kavanagh, J., concurred with Souris, J.

Otis M. Smith and Adams, JJ., took no part in the decision of this case.