### KELLY v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CHARTERS—POLICE AND FIREMEN'S RE-TIREMENT SYSTEM—BOARD OF REVIEW.

Unambiguous home-rule city charter provision that medical findings of board of review for police and firemen's retirement system "shall be final and binding," being specific, is controlling over action of medical director and board of trustees, as framers of the charter and the people of the city in its adoption, must be presumed to have intended that the provision be construed as it reads (Detroit Charter, title 9, ch 7, art 3, § 12[c], art 6, pt D, § 1).

2. PENSIONS—HOME-RULE CITIES.

Pension matters respecting police officers or their widows in a home-rule city are within the exclusive control of the municipality and where benefits are granted by the charter, they are subject to the terms and conditions thereof.

3. SAME—POLICEMAN'S WIDOW—CHARTERS.

Home-rule city charter provision making final and binding the medical findings of a 3-man board of review, selected in

REFERENCES FOR POINTS IN HEADNOTES

[2] 37 Am Jur, Municipal Corporations § 109.
Matters pertaining to police department as within exclusive control of municipalities under home-rule charters. 105 ALR 259.
[4] 3 Am Jur, Appeal and Error § 863.

manner provided when needed and to which was certified the record of proceedings had in respect to pension by widow of policeman who was found to have died from injuries received in the course of duty *held,* not invalid (Detroit Charter, title 9, ch 7, art 3, § 12[c], art 6, pt D, § 1).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ESTOPPEL—BRIEFS. Whether or not defendant city was estopped from raising defense of invalidity of charter provision is not discussed in mandamus proceeding by widow of policeman, who died some 18 years after receiving injury, to recover benefits provided by charter for police and firemen where not briefed by counsel (Detroit Charter, title 9, ch 7, art 3, § 12[c], art 6, pt D, § 1).

Appeal from Wayne; Fenlon (Edward H.), J., presiding. Submitted October 14, 1959. (Docket No. 70, Calendar No. 48,158.) Decided January 4, 1960.

Mandamus by Alice Kelly against the City of Detroit, a municipal corporation, Division of Police and Firemen's Retirement System and Board of Trustees thereof, and others to compel grant of pension benefits following death of her husband. Writ granted. Defendants appeal. Affirmed.

*Daniel G. Shea,* for plaintiff.

*Nathaniel H. Goldstick,* Corporation Counsel, *Bert R. Sogge* and *Nick Sacorafas,* Assistants Corporation Counsel, for defendants.

CARR, J.  Plaintiff in this case is the widow of John F. Kelly who joined the police department of the city of Detroit in September, 1929. In 1934 he sustained an injury to his leg which later became infected and apparently caused him trouble throughout the balance of his life. It is claimed that the injury was received in the course of performance of duties as a police officer. In 1939 it was discovered that officer Kelly had diabetes which, although treat-

ed, was not properly controlled and contributed to his poor physical condition. In 1944 he developed tuberculosis and became a patient in Detroit Tuberculosis Sanatorium in June of that year. Apparently this condition was entirely healed some years later. Officer Kelly died April 2, 1952, the medical certificate indicating that the direct cause of death was hypertensive heart disease and that contributing causes and conditions were chronic nephritis and diabetes mellitus.

In September, 1944, officer Kelly petitioned for a disability pension, referring in his application to the 1934 injury and his subsequent ulcerated leg. The petition was granted, and, subsequent examinations made from time to time indicating that he was in poor physical condition as a result of his ailments, particularly diabetes, he was continued on disability retirement until his death. Thereafter plaintiff herein applied for widow's benefits under the provisions of the charter of the city of Detroit, claiming that officer Kelly had been injured in 1934 in the course of his duty. The application was denied on May 19, 1952.

Under date of September 26, 1954, plaintiff filed a petition with the board of trustees of the police and firemen's retirement system, asking for a reinvestigation of the case and for the appointment of a medical board of review pursuant to charter provision. The request was granted and the medical board was appointed. The members of the board were not in accord as to the cause or causes of death, and the board of trustees again denied the application for widow's benefits. Thereupon plaintiff instituted certiorari proceedings in the circuit court of Wayne county which resulted in the granting of a rehearing on the ground that she had not been afforded a proper hearing of the matters referred to in her petition, and had not been given an op-

portunity to produce proofs before the board of trustees. In accordance with the court action the board granted a hearing at which plaintiff was given an opportunity to present testimony, and a request for a medical board of review was also granted. It appears from the record before us that the parties agreed with reference to the submission of the medical questions at issue to the medical board. The members of said board held meetings and filed separate reports, 2 of them concluding that the injury to officer Kelly's leg had some causal connection with his death and the third member of the board disagreeing with such conclusion.

Pursuant to resolution of the board of trustees, the medical findings of the board of review, as indicated in the individual reports submitted by the members thereof, were received on April 29, 1958, and the executive secretary was directed to furnish to members of the board of trustees copies of the medical board of review reports that had been submitted in 1955. The record further indicates that on May 13, 1958, the application of plaintiff was tabled "pending a further investigation to be made." On June 24th following, the application was denied by unanimous action of the board of trustees. Subsequently plaintiff filed petition requesting a hearing, which was denied.

It also appears from the supplemental appendix filed by defendants that at a meeting of the board of trustees held on May 27, 1958, two members of the police department who had been connected therewith for a number of years appeared and were questioned with reference to their knowledge of the injury which, as claimed, was sustained by officer Kelly in 1934. No transcript of the testimony has been submitted. Whether the witnesses were examined under oath does not appear, nor is it shown that plaintiff or anyone representing her was notified of the

investigation that was being conducted by the board of trustees at its meeting. Neither does it appear that the board of trustees made any specific finding of fact with reference to the matters referred to in such testimony. No further discussion thereof is required.

Following the denial of her application plaintiff filed her petition in the circuit court of Wayne county asking that a writ of mandamus issue requiring the defendant board of trustees, and the members thereof, to set aside the order denying her application, and to grant the same in accordance with the findings of the medical board of review. The circuit judge before whom the matter was heard came to the conclusion that under the provisions of the charter of the city of Detroit relating to the payment of pensions to disabled members of the police and fire departments, and to their dependents in certain cases, plaintiff was entitled to the relief sought. The writ of mandamus was accordingly issued as prayed and defendants have appealed. In substance it is argued in their behalf that the final determination of the question as to plaintiff's right to the benefits claimed by her rested with the board of trustees, and that if the pertinent provision of the charter is construed as binding the trustees to accept as conclusive the findings of the medical board with reference to the causative factors contributing to the death of officer Kelly, such provision is invalid.

The present charter of the city of Detroit as adopted by the people of that city establishes a police and firemen's retirement system and vests the general administration and management thereof in a board of trustees. Said board is authorized to appoint a medical director who is required to make examinations and investigations in connection with all applications for death benefits and to report his conclusions and recommendations to the board. The

provision directly involved in the instant case is found in title 9, chapter 7, article 3, section 12(c), of the charter, and reads as follows:

"(c) If the board of trustees, any member, any beneficiary or any other person claiming benefits hereunder, shall disagree with any medical finding of the medical director, the board of trustees on its own motion may or on petition of any such member, beneficiary or person claiming benefits hereunder, shall refer the matter in dispute to a medical board of review consisting of 3 physicians or surgeons, of whom 1 shall be named by the board of trustees, 1 by the affected member, beneficiary, or other person claiming benefits, and the third by the 2 so named. The medical director shall in no case be a member of the board of review. Such board of review shall be named within 10 days after the filing of such petition. The board of review shall within 60 days from its appointment file with the board of trustees a written report of its findings, which shall be final and binding as to the medical findings. The reasonable expenses of such board of review shall be paid from the expense fund."*

Other provisions of the charter relate to disability pensions and retirement allowances, and also to the payment of a pension to a widow or children of a member killed in the performance of his duty or whose death has resulted from illness or injuries received in the performance of duty. The latter provision, which appears in title 9, chapter 7, article 6, part D, § 1, of the charter,* is the basis for plaintiff's application in the instant case.

The basic question at issue is the interpretation of the provision above quoted with reference to the functions of the medical board of review. It will be noted that the medical findings of said board are declared to be "final and binding." The language

---

* For provisions quoted and cited, see Municipal Code, City of Detroit (1954), pp 248, 254.—Reporter.

of the provision is not ambiguous, and, being specific, is controlling. The framers of the charter, and the people of the city in its adoption, must be presumed to have intended that the provision be construed as it reads. A similar question of construction was involved in *City of New York* v. *Schoeck,* 294 NY 559 (63 NE2d 104). That case arose under provisions of the administrative code of said city dealing with the matter of pensions for firemen. The code provided in mandatory terms for the retirement of any member of the department who was found to be disqualified for the performance of his duties. It was provided also that a medical examination should be held before a board to be composed of 10 doctors appointed by the fire commissioner of the city. On request by a member of the department a further examination was required before a special medical board consisting of 1 doctor of the medical board, 1 selected by the member seeking a pension, and the third to be selected by the 2 members so appointed. The question arose as to whether the board of trustees was bound by the finding of the special medical board acting in the case, the decision of which superseded that of the 10-member medical board previously passing on the question at issue. Commenting thereon it was pointed out that the board of trustees had no discretion with reference to the retirement of a member of the fire department found upon examination to be disqualified for the performance of his duties. It was further said (p 566):

"Determination whether or not a member of the force is disqualified for the performance of his duties is confided by the statute to the medical board or special medical board which makes the examination. The board of trustees must accept the report of the examining board concerning the physical or mental qualifications of the members. No room for the exercise of discretion whether or not to retire the

member is left open to the board of trustees. The intent of the statute is plain. A member of the uniformed force of the fire department should not receive the salary attached to his position unless he can perform its duties, but must be retired upon the pension provided by law, and whether or not the member is physically or mentally disqualified is a scientific question which must be determined by the experts who examine the member and whose determination in that regard is final."

In *O'Hara* v. *Monaghan,* 309 NY 931 (132 NE2d 310), a like conclusion was reached in an action brought by a member of the New York City police department to enforce his claim that he was entitled to a pension in a specified amount.

In *Mundt* v. *Peterson,* 211 Or 293 (315 P2d 589), the proceeding was instituted by the widow of a member of the fire department of the city of Portland to compel payment of benefits to her in accordance with the provisions of the city charter. Pertinent provisions of the charter required such payment where death resulted from any cause while in line of duty or as the result of an occupational disability, including "heart trouble." On the written request of any applicant the findings of the physicians of the board of trustees of the fire and police disability and retirement fund of the city were required to be referred to a board composed of 3 physicians, 1 appointed by the board of trustees, the second by the applicant for benefits, and the third to be selected by the 2 appointed by the respective parties. The charter specifically required that "The board of trustees shall base its findings upon review on the findings of the majority of the said physicians." The board rejected the plaintiff's application, and thereupon she filed a petition for review and the 3-man medical panel was appointed. Their finding was in substance that the death of

Mundt resulted from heart disease which was disabling in character. The court concluded from the record before it that the finding of the medical review board brought the case within the provisions of the municipal charter and that the board of trustees (p 310) "was bound to accept that determination of the issue." It was accordingly held that the plaintiff was entitled to the benefits "promised" by the charter.

In the instant case the right of policemen and their dependents to disability and pension benefits in certain cases is granted by the municipal charter and is subject to the terms and conditions thereof. In 40 Am Jur, Pensions § 19, p 977, it is said:

"Pension matters respecting police officers or their widows in a municipality operating under a home-rule or freeholders' charter are generally held to be within the exclusive control of the municipality."

The rule is recognized in similar language in the annotation in 105 ALR pp 259, 263, followed by the citation and discussion of supporting decisions.

In adopting their charter the people of Detroit included therein not unusual provisions for the payment of pensions to policemen and firemen disabled from causes arising in connection with the performance of their respective duties, and likewise for benefits to dependents in case of death resulting from such causes. It may be assumed that it was intended to make employment in the departments in question more attractive and thereby to promote the public welfare. The promise of the city to pay and the conditions of payment in cases subject to the charter provisions are set out in definite language, and likewise the procedure to be observed with reference to applications for disability benefits or pensions. As a part of such procedure the method for determining the causative factors resulting in death

or disability is specified. The board of trustees has the benefit of the reports of its medical examiner. A medical board composed of 3 physicians or surgeons is required on authorized request therefor. This procedure was followed in the instant case. The board of trustees selected its representative on the medical board, plaintiff did likewise, and the third member was chosen in the manner specified by the city charter. The findings of said board were accepted and considered by the board of trustees. In other words, the method outlined by defendant city by which an applicant for disability benefits or pension should be governed was observed. The right of the city to prescribe the method of procedure by which its liability in any case shall be determined is not open to question.

On behalf of defendants the claim is advanced that the provision of the charter here in question if construed as making the determination of the medical board binding on the board of trustees is invalid on the theory that it is a delegation of power that must be regarded as vested in the trustees by the general provisions of the charter with respect to the functions and powers of that body. It is a sufficient answer to this claim that the entire subject of pensions, including the manner of proving the right thereto, is subject to control by the people of the municipality in the adoption of their charter. Attention has been directed to *Dation* v. *Ford Motor Co.*, 314 Mich 152, which involved the validity of a provision of the workmen's compensation law of the State incorporated in part 7, § 6, thereof, as amended by PA 1937, No 61,* providing in substance that in case of a dispute as to whether the employee seeking compensation was suffering from an occupational disease a commission of 3 physicians should be ap-

---

* CLS 1940, § 8485-6 (CL 1948, § 417.6 [Stat Ann 1950 Rev § 17.225]), repealed by PA 1953, No 198.

pointed to examine him and to report. The statute did not provide for a hearing, but the report was declared to be final and conclusive as to the condition of the employee with respect to the claimed disease. The commission was appointed at the request of the defendant employer and made its report. It was the claim of the plaintiff employee that the provision of the statute was invalid in that it did not provide for due process of law. No record was required to be kept by the medical commission, the statutory provision specifying only that the conclusion reached should be submitted to the department of labor and industry. No opportunity was afforded for either party to meet proofs offered and received on the hearing. Neither was there any requirement with reference to notice of a hearing or provision for the making of a transcript of the testimony taken. Obviously the *Dation Case* involved questions not present in the instant controversy. As before indicated, the record submitted to the medical board of review was stipulated, and the procedure observed throughout was that prescribed by the defendant city through its charter.

Under the factual situation presented in the case at bar we do not think that defendants are in position to assert that the provision of the charter in question here is invalid. As above indicated, it was within the power of the city to promise disability benefits and pensions to policemen and firemen found entitled thereto, to prescribe the requirements essential to the right of such payments, and to determine the procedure that should be observed in establishing such rights. The selection of a medical board and the functioning thereof is a part of the procedure that the city requires. The claim of invalidity is not well-founded. Whether the doctrine of estoppel might be invoked against the raising of such claim on the part of defendants does not

call for discussion. It has not been briefed by counsel. In this connection, however, we call attention to *Flanigan* v. *Reo Motors, Inc.,* 300 Mich 359. See, also, *Mount Vernon Trust Co.* v. *City of Mount Vernon,* 12 NYS2d 120.

The trial judge correctly disposed of the issues raised before him in the case, and the order from which defendants have appealed is affirmed, with costs to plaintiff.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.