POBURSKY *v.* CITY OF DETROIT.

1. PENSIONS—POLICEMAN'S WIDOW—MEDICAL BOARD OF REVIEW—CHARTERS.

Home-rule city charter provision making final and binding the medical findings of a 3-man board of review, selected in manner provided when needed and to which was certified the record of proceedings had in respect to pension by widow of policeman who was found to have died from injuries received in the course of duty, *held,* not invalid (Detroit Charter, title 9, ch 7, art 3, § 12 [c]).

2. SAME—MEDICAL BOARD OF REVIEW—JURISDICTION—PROXIMATE CAUSE OF DEATH.

Medical findings of medical board of review for city police and firemen's retirement system *held,* within the exclusive jurisdiction of such board and controlling over the action the board of trustees, hence, latter's finding that death of plaintiff's decedent from cancer was not causally connected with his admitted injury, contrary to medical board's finding in such respect, was properly reversed on certiorari by the circuit court (Detroit Charter, title 9, ch 7, art 3, § 12 [c]).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 22, 1960. (Docket No. 78, Calendar No. 48,209.) Decided April 11, 1960.

Certiorari by Ida Pobursky against the City of Detroit, a municipal corporation, division of police and firemen's retirement system and board of trustees thereof, to review denial of pension bene-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur, Pensions § 39.

Judicial review of decisions, or merits, of claim upon public pension fund. 117 ALR 1408.

fits claimed by reason of her husband's death. Judgment for plaintiff granting pension. Defendants appeal. Affirmed.

*Daniel G. Shea,* for plaintiff.

*Nathaniel H. Goldstick,* Corporation Counsel, *Bert R. Sogge* and *Nick Sacorafas,* Assistants Corporation Counsel, for defendants.

SOURIS, J. Plaintiff is the widow of John Pobursky, who was an officer in the police department of the city of Detroit from May, 1927, until his death on May 2, 1948. On January 15, 1948, officer Pobursky sustained an injury to his back in the course of performance of his duties as a police officer. He complained of very severe pain in his back and of blood in his urine. X rays were taken, which showed no fracture but did disclose a soft tissue mass suggestive of a tumor. On March 2, 1948, an operation was performed, and it was found that the officer had a carcinoma of the left kidney with metastases to other organs. The growth could not be removed nor could the urinary bleeding be reduced. On May 2, 1948, officer Pobursky died of renal cancer with metastasis of the lung.

Thereafter, in 1948, plaintiff herein applied for widow's benefits under the provisions of the charter of the city of Detroit, claiming that officer Pobursky had died as the result of injuries received in the course of his duties. The application was denied.

In May of 1957 plaintiff petitioned the board of trustees of the police and firemen's retirement system for a review of her application and for the appointment of a medical board of review pursuant to charter provision. Plaintiff contended that the injury of January 15, 1948, to her husband aggravated and accelerated a pre-existing cancer, shortening his

life, and that thereby there was a causal relationship between the injury, the illness, and the death. The petition was granted, and a medical board was appointed which reviewed the files and records in the case. Two of the members of the medical board concluded that the back injury received by officer Pobursky aggravated a pre-existing condition in his left kidney and that there was a causal relation with his subsequent death. The third member of the medical board disagreed.

On March 4, 1958, the board of trustees acknowledged receipt of the medical board's reports, accepted its medical findings, and then denied the plaintiff's petition for widow's benefits on the basis of its finding that her husband's death was not the result of illness or injuries received while in the performance of his duties. It should be noted that the defendants did not contend below, nor do they here, that officer Pobursky did not injure his back on January 15, 1948, while in the performance of his duties as a police officer. Hence, the finding of the board of trustees upon which its denial of plaintiff's petition was based is, in fact, a finding that officer Pobursky's death was not causally connected with his admitted injury, contrary to the finding of a majority of the medical board.

Following denial of her petition, plaintiff instituted certiorari proceedings in the circuit court of Wayne county. The circuit court concluded that the board of trustees was bound by the findings of the medical board that there was causal connection between injury and death and that, therefore, plaintiff was entitled to the widow's benefits provided by the defendant city's charter. Defendants have appealed, claiming, in substance, that on certiorari the circuit court had no power to review the board of trustee's decision except for want of jurisdiction, fraud, bad faith, abuse of discretion, or arbitrariness; and that if the

defendant city's charter is construed as binding the board of trustees to accept as conclusive the findings of the medical board with reference to the causative factors involved in the death of officer Pobursky, to that extent said charter is unconstitutional.

The validity of the charter provision making findings of the medical board final and binding upon the board of trustees was before this Court in the October, 1959, term. *Kelly* v. *City of Detroit,* 358 Mich 290. Mr. Justice CARR, writing for a unanimous Court, held that the claim of invalidity (the same claim is made also in the case at bar) was not well-founded. There is no reason to alter the result reached in *Kelly.* We therefore rule that the findings of the medical board (that is, the findings of 2 of its 3 members) that officer Pobursky died as a result of cancer, that his cancer was aggravated by his injury of January 15, 1948, and that there was a causal relation between said injury and his death, were final and binding upon the board of trustees within the meaning of title 9, chap 7, art 3, § 12(c), of the charter of the city of Detroit.*

Defendants' claim with reference to the power of the circuit court on certiorari is likewise without merit, the board of trustees having assumed jurisdiction to make a finding of medical fact, which we have held in *Kelly* v. *City of Detroit,* and here, to be within the exclusive jurisdiction of the medical board to find.

Affirmed, with costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

---

* Municipal Code, City of Detroit (1954), p 248.—REPORTER.