## BATCHE *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — POLICE AND FIREMEN'S RETIREMENT SYSTEM—BOARD OF REVIEW—CHARTER PROVISION.

   Medical findings made by medical board of review concerning whether or not injuries received by a police officer in the course of duty caused his death are final and binding under Detroit city charter (Detroit Charter, Title 9, Chapter 7, Art III, § 12[c]).

2. SAME — POLICE AND FIREMEN'S RETIREMENT SYSTEM — BOARD OF REVIEW—FINDINGS—PARTIES.

   Findings of a medical board of review that injuries suffered in the line of duty by a police officer did not cause his death, which were binding on the widow of the officer, *held,* not binding on his minor children where they were not represented by a guardian at the hearing and therefore were not parties to it.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5] 40 Am Jur, Pensions §§ 17, 18, 37 *et seq.*
[4] 4 Am Jur 2d, Appeal and Error § 475.
[6] 2 Am Jur 2d, Administrative Law § 533 *et seq.*

3. SAME — POLICE AND FIREMEN'S RETIREMENT SYSTEM — BOARD OF REVIEW—FINDINGS—NEW HEARING.

The fact that a medical board of review ruled favorably to the children of a deceased police officer on their claim for a pension by finding that the officer's death was the result of injuries received in the line of duty, even though a similar board sitting 10 years before had ruled against the widow of the officer on her claim, does not justify a new hearing for the widow after the time in which she could appeal has run.

4. APPEAL AND ERROR—LACHES—RIGHT OF REVIEW—ABANDONMENT— WAIVER.

Laches in filing an appeal amounts to waiver or abandonment of the right to review and an acquiescence in the adjudication appealed from.

5. MUNICIPAL CORPORATIONS — POLICE AND FIREMEN'S RETIREMENT SYSTEM—DECEASED EMPLOYEE—RIGHTS OF SURVIVORS.

The fact that a widow of a police officer has applied for and been denied pension benefits does not bar her from making a new application as guardian of the children of the officer where the children have a right to pension benefits separate from the rights of his widow.

6. SAME—ADMINISTRATIVE BODIES—HEARINGS—REVIEW BY WRIT OF CERTIORARI—REHEARINGS—NOTICE.

An administrative body need not give notice of hearing on an application for rehearing of claim for pension benefits once a hearing has been granted, benefits denied, and the decision has been reviewed by writ of certiorari, nor is it required to hold a hearing to announce that no rehearing will be granted.

Appeal from Wayne, Brennan (Thomas E.), J. Submitted Division 1 February 7, 1968, at Detroit. (Docket No. 2,432.) Decided September 26, 1968. Rehearing denied December 6, 1968. Leave to appeal denied May 13, 1969. 382 Mich 752.

Complaint by Vera Batche against the city of Detroit, a municipal corporation, its Police and Firemen's Retirement System and its Board of Trustees, Mayor Jerome P. Cavanagh, and other

city officials for a writ of mandamus to compel defendants to pay plaintiff certain retirement benefits. Complaint dismissed. Plaintiff appeals. Affirmed.

*Sidney E. Stephens* and *Daniel Shea* (*Edward P. Echlin,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, and *Nick Sacorafas,* Assistant Corporation Counsel, for defendants.

McGREGOR, J. Plaintiff sought mandamus to compel the board of trustees of the policemen and firemen's retirement system of the city of Detroit to pay her, as the widow of Peter Batche, a Detroit police officer, the pension provided by Title 9, Chapter 7, Article 6, Part D, Section 1(b), of the charter of the city of Detroit.[1] Defendant's charter, Chapter VII, covers the subject of a retirement system for police and fire departments, sets up administrative procedures thereunder, and establishes requirements for membership, contributions and benefits, and other details. The lower court dismissed her complaint on January 21, 1966, with prejudice. There is a settled concise statement of facts and proceedings in this matter, stipulated to by both parties and signed by the trial judge.

---

[1] *Applicable Provisions of the Policemen and Firemen Retirement System of the Charter of the City of Detroit.* Death Benefits: Article 6, Part D, Section 1 and 1(b) of Title 9, Chapter 7, provides as follows: "D—Death Benefits: Section 1. If a member or a beneficiary is killed in the performance of his duty or dies as the result of illness contracted or injuries received while in the performance of his duty and such death, illness or injuries resulting in death, be found by the board of trustees to have resulted from the performance of his duty, there shall be paid: * * * "(b) A pension of 5/11 of his final compensation to his widow, if he leaves a widow, to continue during her widowhood; if a child or children under the age of 18 years survive the deceased member, to each child under 18 years of age an amount equal to 1/10 of his final compensation * * * ".

Plaintiff is the widow of Peter Batche, who was an officer of the Detroit police department from June, 1926, to July 2, 1950, when he died of carcinoma. He was a member of the retirement system plan. The record discloses that Peter Batche, while riding a police motorcycle in line of duty, had been injured eleven years before his death. On July 20, 1950, plaintiff, on behalf of herself and five minor children, applied for a pension under the plan, on the grounds that her husband's death arose out of injuries sustained in the performance of his duty. The retirement system board, after recommendations of its medical director that the application be denied, referred the matter to a medical board of review under the plan, which, after a hearing, denied the relationship of the injuries to the cause of death, reported this to the board, who, on November 10, 1950, wrote plaintiff that it "accepted the report of the medical board of review[2] which denied the claim," and thereupon paid her the accumulated contributions to the fund made by her husband. There the matter rested until June, 1957.

In 1957, plaintiff retained counsel who investigated and allegedly found that in 1950, the retirement

---

[2] *Applicable Provisions of the Policemen and Firemen Retirement System of the Charter of the City of Detroit.* Medical Board of Review: Article III, Section 12(c) of Title 9, Chapter 7, provides as follows: "(c) If the board of trustees, any member, any beneficiary, or any other person claiming benefits hereunder shall disagree with any medical finding of the medical director, the board of trustees on its own motion may, or on petition of any such member, beneficiary or person claiming benefits hereunder, shall refer the matter in dispute to a medical board of review consisting of three physicians or surgeons, of whom one shall be named by the board of trustees, one by the affected member, beneficiary or other person claiming benefits, and the third by the two so named. The medical director shall in no case be a member of the board of review. Such board of review shall be named within 10 days after the filing of such petition. The board of review shall promptly examine the medical findings in dispute and shall within 60 days from its appointment file with the Board of Trustees a written report of its findings, which shall be final and binding as to the medical findings. The reasonable expenses of such board of review shall be paid from the expense fund."

system board did not have the full and complete record of the injuries of the deceased, and refiled, asking that the denial of pension rights be set aside and a new medical board be granted to pass on the full record. The Wayne county circuit court, in 1957, found the plaintiff guilty of laches and denied the petition for writ of certiorari, from which no appeal was taken. Since there was no appeal from the decision of the circuit court in 1957, that decision is the determining law of this case.

On October 17, 1960, counsel for plaintiff, for herself and *as guardian of her two minor children,* petitioned the retirement system board again for benefits under the plan and asked that the matter be submitted to a new medical board on the full record of injuries in accordance with the provisions of such charter. Without notice, the board denied the application as to the plaintiff, and set the petition on behalf of the children on for hearing, gave notice to counsel, and at that time granted a new medical board hearing as prayed therein. On August 27, 1961, the new medical board found that there was a causal relation between the injuries of Peter Batche in the performance of his duty, and the cause of his death, and forwarded its finding to the retirement system board. On September 14, 1961, the retirement system's board concurred in the findings of the medical board of review, denied a pension to the plaintiff, and granted a pension to the guardian of the two minor children. On November 14, 1961, checks were paid by the Board to the plaintiff as guardian of Richard and Gary Batche in the amount of $14,896.13 each.

In June, 1964, a petition was filed with the retirement system's board on behalf of the plaintiff, asking that board to correct its alleged error in not paying her a pension. It is the contention of the plaintiff now that when, in 1961, the medical board found

causal relation between the injuries of her husband and his death, and the retirement system's board concurred in the finding of the medical board, a new action accrued to her as well as to the children.

The appellees contend that the original determination by the medical board in 1950 was exclusive, final and binding upon both parties hereto with respect to plaintiff's claim; that there was also a final and binding adjudication of plaintiff-widow's claim in 1957; and that she is also guilty of laches.

The plaintiff further contends that the board of trustees, in the light of the 1961 findings of the recent medical board, is guilty of abuse of discretion in denying a pension to her; and that such denial was arbitrary and unlawful under the applicable sections of the plan. She claims inadequate or no notice of such denial, but the record is replete with evidence to the contrary.

Under the Detroit charter, medical findings made by the medical board of review concerning whether or not injuries received in the course of duty caused death are final and binding. *Kelly* v. *City of Detroit* (1960), 358 Mich 290; *Pobursky* v. *City of Detroit* (1960), 359 Mich 293.

The first medical board of review whose medical findings were final and binding upon the parties, the plaintiff, and the board of trustees, was not final as to the minor children, since they were not represented by a guardian and, therefore, were not parties to the proceedings. Plaintiff, although she filed the present claim both as a widow and as guardian of the minor children, was not a party in her own right to the proceedings of the second medical board of review, as her claim had been denied and adjudicated prior to the case being submitted to the 1961 medical board of review. The plaintiff cannot be heard to complain because a different medical jury, ten

years after an employee's death, came to a different medical conclusion.

Defendants contend that the litigation which occurred in 1957, when plaintiff was found guilty of laches and this identical claim was denied, from which no appeal was taken, makes all subsequent proceedings in her behalf a legal nullity.

The mere fact that one medical jury would make different findings than another medical jury does not oblige the board of trustees to grant in effect a new trial, after the appellate period has run. Plaintiff at this late date cannot have a new determination by the medical board of review, nor could she have in 1960, ten years after her husband's death, and three years after the 1957 decision of the circuit court which was not appealed. In 1960 she, in effect, was requesting a new trial from which she was barred under the law by reason of the circuit court decision which was not appealed (*res judicata*). Plaintiff could not do indirectly what she was barred from doing directly. Michigan cases indicate that laches in filing an appeal amounts to waiver or abandonment of the right of review and an acquiescence in the previous adjudication. *Jones* v. *Doonan* (1933), 265 Mich 384; *Firemen's Annuity and Benefit Fund* v. *Krueger* (1964), 24 Wis 2d 200 (128 NW2d 670). There was no change of facts or conditions at the second hearing, and no new legal situation had been or was created. The plaintiff did not gain any better right than she had before 1960, merely because her children, who were not represented by a legal guardian at any of the proceedings in 1950 or in 1957, had a cause of action. The tolling of the statute of limitations and the inapplicability of laches was only for the benefit of the children because of their minority and did not extend to the plaintiff. The minor children of the widow had a distinct claim, entirely separate from

their mother's, for death benefits. The plaintiff, once appointed guardian for her children, had the right to reappear in her representative capacity before the board of trustees and have the identical claim and circumstances re-examined on behalf of the children, solely because the plaintiff was then acting in a representative rather than in her individual capacity, and because the children previously never had their "day in court" legally. 30 Am Jur, Judgments, § 398.

The trial court's opinion filed in the instant matter correctly analyzes the problem and, in part, says:

"Mrs. Batche's husband died in 1950. It is now 1965. The board of trustees on three occasions over the last fifteen years and the circuit court as well, has refused to award her a widow's pension. This court will do the same thing. * * *"

Once a hearing has been afforded on an application before an administrative body and its decision reviewed by writ of certiorari, such administrative body need not grant continual rehearings, nor is it required to hold a hearing and give notice of that hearing for the sole purpose of announcing that no rehearing is to be granted.

Affirmed. Costs to appellees.

LESINSKI, C. J., and LEVIN, J., concurred.