DETROIT FIRE FIGHTERS ASSOCIATION LOCAL NO. 344, IAFF v
CITY OF DETROIT

MUNICIPAL CORPORATIONS—CHARTERS—DETROIT CHARTER—FIREMEN—
RETIREMENT BENEFITS.

A Detroit fireman who leaves his employment after 40 years of
age and after eight years of service is eligible to receive delayed
retirement benefits on the date he would have been entitled to
receive full retirement benefits had he continued in city service
as a fireman; if he was a member of the system before January
1, 1969, this date will be when he would have had 25 years of
service, or age 60, whichever occurs first; if he became a
member on or after January 1, 1969, this date will be when he
would have had 25 years of service and is age 55, or when he is
age 60, whichever occurs first (Detroit Charter, Title 9, ch 7,
Art 6, Pt A, § 4).

Appeal from Wayne, Thomas Roumell, J. Sub-
mitted Division 1 June 25, 1974, at Detroit.
(Docket No. 18048.) Decided August 28, 1974.
Leave to appeal denied, 393 Mich 755.

Complaint by the Detroit Fire Fighters Associa-
tion, Earl J. Berry, and Coy Thompson against the
City of Detroit and the Board of Trustees of the
Policemen and Firemen Retirement System of
Detroit for a declaratory judgment on rights to
retirement benefits under the city charter. Judg-
ment for defendants. Plaintiffs appeal. Reversed.

*Marston, Sachs, O'Connell, Nunn & Freid, P. C.,*
for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions §§ 104, 133.

60 Am Jur 2d, Pensions and Retirement Systems §§ 44, 46, 55.

*Robert Reese,* Corporation Counsel, and *Nick Sacorafas, Ronald Zajac,* and *Michael A. Hurvitz,* Assistants Corporation Counsel, for defendants.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. Title 9, Chapter VII of the Charter of the City of Detroit created a retirement system for city policemen and firemen. In a November, 1968, election the people of the City of Detroit amended the City Charter. By these amendments, effective January 1, 1969, the retirement rights of firemen, including the right to receive delayed retirement benefits, were changed in several respects.[1] In this opinion we will refer to the rights of firemen, but it may be noted that the rights of policemen are the same.

In this appeal we are required to resolve a dispute as to the time when certain firemen who leave the employ of the Fire Department with sufficient service to be eligible to receive delayed retirement benefits are entitled to begin actually receiving those benefits.

It is not in dispute that the dollar amount of delayed retirement benefits will be substantially less than the amount due a fireman who had stayed with the Fire Department until he was entitled to ordinary retirement with immediate retirement benefits, and it is also undisputed that a fireman does not obtain a vested right to a delayed retirement unless he is at least 40 years old with 8 or more years of credited service when he leaves his employment as a fireman.

With sufficient service a fireman may retire and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See *Detroit Police Officers Ass'n v City of Detroit,* 391 Mich 44; 214 NW2d 803 (1974).

be entitled to receive retirement benefits forthwith. Although the rights of such a retired fireman are not in dispute in this case, it will be helpful in understanding the controversy before us if the apparently undisputed rights of such a retiring fireman are outlined in this opinion. The 1968 Charter amendments affected those rights also.

If a fireman was a member of the retirement system before January 1, 1969, he will be eligible to retire and receive benefits forthwith when he has 25 years of service credit, or when he is 60 years old, whichever occurs first. If he becomes a member of the system on or after January 1, 1969, he will be eligible to retire and receive benefits forthwith when he has 25 years of credit and is 55 years old, or when he is 60 years old, whichever occurs first.

Alternatively, a fireman may leave his employment before he is entitled to ordinary retirement and the receipt of pension benefits forthwith, and instead be entitled to delayed benefits. This is the so-called "40 and 8" delayed retirement (age 40 and at least 8 years service). The eligibility to receive delayed benefits is governed by Title 9, Chapter VII, Art 6, Part A, § 4 of the City Charter. Section 4, which was amended in November of 1968, effective January 1, 1969, reads as follows (new language italicized; deletions shown by striking):

"Sec. 4. *Retirement allowance for certain persons leaving city employment after eight years service.*

"Should any member who (1) has attained age forty years, and (2) has acquired eight or more years of credited service, leave the employ of the Police Department or Fire Department of the City of Detroit prior to the date he would have first become eligible to retire as provided in this Part A, for any reason except his retirement or death, he shall be entitled to a retirement

allowance computed according to Section 2 *or 2.1* of this article, *whichever is applicable,* as said section was in force as of the date of his employment with the City last terminated; provided, that he does not withdraw his accumulated contributions from the Annuity Savings Fund. His retirement allowance shall begin the first day of the calendar month next following the month in which his application for same is filed with the Board of Trustees, on or after the date he would have been eligible to retire had he continued in City employment ~~or age sixty years, whichever is later~~. Unless otherwise provided in this Chapter such person shall not receive service credit for the period of his absence from the City Police Department and/or Fire Department employ, nor shall he or his beneficiary be entitled to any other benefit afforded in this Chapter except the benefits provided in Part A, Section 2 *or 2.1* or Part F of this Article VI, whichever is applicable, subject to the above provisions, notwithstanding, his membership has terminated."

It is undisputed that before the 1968 amendment took effect, no fireman would have been eligible to receive a delayed retirement pension benefit until he attained the age of 60 years.

Without reciting the entire trial court history, it is sufficient to state that on July 25, 1973 the last trial judge to whom the action was assigned signed a declaratory judgment that a pre-January 1, 1969 fireman is not eligible to receive § 4, "40 and 8" benefits until he has accumulated 25 years of actual service credit or has reached the age of 60 years, whichever occurs first. It is from this order the plaintiffs appeal.

The plaintiffs assert that by operation of the amendment a fireman who was a member of the retirement system before January 1, 1969, and who now leaves the Fire Department after satisfying the "40 and 8" requirement is entitled to begin receiving retirement benefit payments when he

would have had 25 years of creditable service had he stayed on continuously as a fireman, without regard to age. Plaintiff argues that this was clearly intended by deleting the age provision of § 4.

The city argues that the purpose of the Charter amendments was to restrict retirement benefits and therefore a restrictive construction of the meaning of the section, as amended, should be adopted. To accomplish this purpose the city asserts that the language in the last sentence of § 4, that, " * * * such person shall not receive service credit for the period of his absence from the * * * Fire Department employ, * * * " qualifies the timing of the right to start receiving delayed retirement benefits.

The city's position is that even after the deletion of the age-sixty phrase, the remainder of § 4 restricted the right to benefits until "on or after the date he would have been eligible to retire had he continued in city employment", which in turn is to be determined by § 1.

Section 1 is interpreted by the city in their brief as follows. If he was a member of the system before January 1, 1969 he would be eligible after earning 25 years of service credit or having reached age 60. If he became a member on or after January 1, 1969 he would be eligible after earning 25 years of service credit and having reached the age of 55 years, or having reached the age of 60.

Reading Chapter VII in its entirety, and looking at the apparently unambiguous language in § 4, we conclude that when the words, "or age sixty years, whichever is later" were deleted, the specific 60-year age requirement for the delayed pension benefits was deleted with it, and that the reference in the last sentence of § 4 referring to "above" is significant in computing the amount of benefits but not the time that they begin.

In arriving at this conclusion we are following the rule set forth in another case involving the Detroit City Charter and specifically the same pension chapter as is involved here, wherein the Supreme Court enforced a charter provision which stated that the medical findings of a so-called medical board of review were final and binding. Thus, said the Court in *Kelly v Detroit,* 358 Mich 290, 295–296; 100 NW2d 269, 272 (1960):

"The language of the provision is not ambiguous, and, being specific, is controlling. The framers of the charter, and the people of the city in its adoption, must be presumed to have intended that the provision be construed as it reads."

It is the intention of the voters of the city to remove the restriction which must prevail. *Brady v Detroit,* 353 Mich 243, 91 NW2d 257 (1958).

If a fireman shall leave his employment after 40 years of age and after 8 years of service, the date he shall be eligible to begin receiving delayed retirement benefits shall be the same date he would have been entitled to receive full retirement benefits had he continued in city service as a fireman. If he was a member of the system before January 1, 1969 this date will be when he would have had 25 years of service, or age 60, whichever occurs first. If he became a member on or after January 1, 1969, this will be when he would have had 25 years of credit and is 55, or when he is 60, whichever occurs first.

The judgment is reversed.

All concurred.