*In re* STORM

Docket No. 138162. Submitted December 8, 1993, at Detroit. Decided March 22, 1994, at 9:15 A.M. Leave to appeal sought.

John Storm, the Detroit Police Lieutenants and Sergeants Association, Thomas Schneider, and the Detroit Police Officers Association brought an action in the Wayne Circuit Court against the Policemen and Firemen Retirement System and the City of Detroit, seeking superintending control and injunctive relief as a result of the adoption by the board of trustees of the retirement system of a resolution that findings made by medical boards of review would be limited to medical findings and that the board of trustees would determine whether the underlying event or events that gave rise to the claim for disability or death benefits of a system member occurred while the member was in the performance of duty. Plaintiffs contended that the resolution ignored a long history of the medical boards of review deciding all aspects of a claim for disability or death benefits. The trial court, Richard C. Kaufman, J., denied the requests for superintending control and injunctive relief and granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

The Detroit Charter unambiguously provides that the board of trustees is to determine whether a particular disability or death occurred in the performance of duty. The medical boards of review are to make final and binding medical findings with respect to the disability or death. Accordingly, the resolution of the board of trustees merely restated the plain language of the city charter, and the trial court properly granted summary disposition for the defendants.

Affirmed.

*Bernard Feldman,* for John Storm and Detroit Police Lieutenants & Sergeants Association, and *Gregory, Moore, Jeakle, Heinen, Ellison & Brooks* (by *James M. Moore*), for Thomas Schneider and Detroit Police Officers Association.

*Stringari, Fritz, Kreger, Ahearn, Bennett, Hunsinger & Crandall, P.C.* (by *Brian S. Ahearn*), for Detroit Policemen and Firemen Retirement System.

*Donald Pailen,* Corporation Counsel and *Terri L. Hayles,* Assistant Corporation Counsel, for the City of Detroit.

Before: CAVANAGH, P.J., and BRENNAN and R. A. BENSON,* JJ.

PER CURIAM. This case calls for interpretation of the provisions of Detroit Charter, tit IX, ch VII, governing the operation of the Policemen and Firemen Retirement System (PFRS). The main issue on appeal concerns the relative authority of a medical board of review and the board of trustees of the PFRS to determine whether a disability or death of a particular member of the system occurred in the performance of duty. Plaintiffs appeal as of right from the trial court's orders refusing to take superintending control, denying injunctive relief, and granting defendants' motions for summary disposition. We affirm.

The PFRS is a pension system that provides retirement allowances and death benefits for Detroit police and fire personnel and their beneficiaries. Detroit Charter, tit IX, ch VII, art I. The board of trustees of the PFRS is charged with its general administration and management. *Id.,* art III, § 1.

On December 6, 1990, the board of trustees adopted a resolution that, among other things, resolved that "findings made by Medical Boards of Review shall be strictly limited to 'medical findings,' " and that "it shall be the responsibility

* Circuit judge, sitting on the Court of Appeals by assignment.

of the Board of Trustees to determine whether the underlying event or events that gave rise to the disability occurred while in the performance of duty . . . . "

Plaintiff police unions and their presidents thereupon brought an action for superintending control and injunctive relief, contending that the resolution ignored fifty years of past practice whereby the medical boards of review would make comprehensive findings concerning all aspects of an individual's right to disability or death benefits, including whether the disability or injury was sustained while in the performance of duty. The trial court denied the requests for superintending control and injunctive relief and granted defendants' motions for summary disposition, presumably pursuant to MCR 2.116(C)(10) (no genuine issue of material fact and defendants entitled to judgment as a matter of law).

Plaintiffs frame their first issue on appeal in terms of whether the trial court erred in refusing to exercise superintending control over the board of trustees, but fail to cite any authority in support of this proposition. Therefore, we have reformulated plaintiffs' first issue in terms of whether the trial court properly granted defendants' motions for summary disposition. Because there is no factual dispute in this case, the issue concerns the interpretation of the Detroit City Charter and, accordingly, is a question of law subject to review de novo. See *Adkins v Thomas Solvent Co,* 440 Mich App 293, 302; 487 NW2d 715 (1992).

Because a decision in this case depends entirely upon the interpretation of the provisions governing the PFRS, it is next necessary to set forth at some length the relevant provisions of the city charter.

If a member shall become totally incapacitated for duty by reason of injury, illness or disease resulting from performance of duty and if the board of trustees shall find such injury, illness or disease to have resulted from the performance of duty, on written application to the board of trustees by or on behalf of such member or by the head of his department such member shall be retired; . . . provided, the medical director, after examination of such member shall certify to the board of trustees his total incapacity. [Detroit Charter, tit IX, ch VII, art VI, part B, § 1.]

If a member, or a beneficiary who was a member, is killed in the performance of his duty or dies as the result of illness contracted or injuries received while in the performance of his duty and such death, illness, or injuries resulting in death, be found by the board of trustees to have resulted from the performance of his duty, the following applicable benefits shall be paid . . . . [*Id.,* art VI, part D, § 1.]

The medical director shall arrange for and pass upon all medical examinations required under the provisions of this amendment; shall investigate all essential statements and certificates by or on behalf of a member in connection with application for disability retirement and in connection with all applications for death benefits, and shall report in writing to the board of trustees his conclusions and recommendations on matters referred to him. [*Id.,* art III, § 12(b).]

If the board of trustees, any member, any beneficiary or any other person claiming benefits hereunder, shall disagree with any medical finding of the medical director, the board or [sic] trustees on its own motion may or on petition of any such member, beneficiary or person claiming benefits hereunder, shall refer the matter in dispute to a medical board of review consisting of three physicians or surgeons, of whom one shall be named by the board of trustees, one by the affected member, beneficiary, or other person claiming benefits, and the third by the two so named. . . . The board of

> review shall promptly examine the medical findings in dispute and shall within sixty days from its appointment file with the board of trustees a written report of its findings, which shall be final and binding as to the medical findings. . . . [*Id.,* art III, § 12(c).]
>
> As to all applications under this article, the medical findings of the medical board of review shall be binding on the board of trustees. [*Id.,* art VI, Part L.]

The rules of statutory construction also apply to city charters. *Brady v Detroit,* 353 Mich 243, 248; 91 NW2d 257 (1958). Where the language of a statute is clear, there is no need for interpretation; the statute must be applied as written. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 208; 501 NW2d 76 (1993). The principle that a longstanding interpretation of a statute by the agency that administers it is entitled to great weight does not control where the interpretation is clearly wrong. *Murphy v Michigan,* 418 Mich 341, 348; 343 NW2d 177 (1984).

The unambiguous language of the city charter quoted above clearly states that it is for the board of trustees to determine whether a particular disability or death occurred in the performance of duty. Detroit Charter, tit IX, ch VII, art VI, part B, § 1 and art VI, part D, § 1. It is equally clear that a medical board of review is to make final and binding "medical findings" with respect to the disability or death, if there is disagreement. *Pobursky v Detroit,* 359 Mich 293; 102 NW2d 203 (1960); *Kelly v Detroit,* 358 Mich 290; 100 NW2d 269 (1960). Past practice is irrelevant. *Murphy, supra.*

Common sense dictates, and we hold, that a medical finding is a finding that can only be made by one who possesses the skill and knowledge of a trained medical professional. Thus, the cause of a

particular disability or death would normally constitute a medical finding for the medical board of review to decide, whereas whether the disability was sustained in the performance of duty would generally not constitute a medical finding and would be for the determination of the board of trustees.

In light of our conclusion that the board of trustees' resolution merely restated the plain language of the city charter, defendants were entitled to judgment as a matter of law, and the trial court properly granted defendants' motions for summary disposition. *Adkins, supra.*

Plaintiffs' second issue was rendered moot by the June 21, 1993, issuance of a decision and order by the Michigan Employment Relations Commission in cases C90 L-299 and C90 L-301. We note that an appeal is pending in this Court from that order (Docket Nos. 166228 and 166386, consolidated).

Affirmed.